Joseph A. Cox, S.
The major controversy in this accounting proceeding concerns the ownership of a co-operative apartment. The administratrix de bonis non asserts in her account that the shares of stock in the co-operative corporation and the proprietary lease of the apartment are assets of the estate while the decedent’s widow in her objections to the account asks that she be declared the owner of these assets.
*453 The decedent and his wife became occupants of the apartment in question when the building was individually owned. The lease, dated September 1, 1948, referred to the decedent as tenant and was executed by him. A rider attached to the lease and constituting an agreement by the landlord to paint the apartment was signed by the objectant herein but the court does not regard this attached paper as an agreement which would confer the status of tenant upon the objectant. The negotiations and the inquiries preceding the execution of the lease and the attitude of the landlord during the consequent occupancy were a recognition of the decedent as tenant in a manner consistent with the lease.
The advisability of converting the building into co-operative ownership was considered in October, 1948 but a plan to accomplish this was not formulated until the following year. On April 19, 1949 the attorney who was acting in the formulation of the proposed co-operative corporation wrote to the decedent acknowledging receipt of the decedent’s agreement to subscribe to 300 shares of the proposed corporation at a price of $3,750 and also acknowledging receipt of $375 which represented 10% of the purchase price. This payment of $375 was made by a check signed by the objectant and drawn on a joint bank account of the decedent and the objectant. On May 11, 1949 this attorney acknowledged receipt of a check of the objectant in the amount of $3,375 as the balance due on the subscription agreement which decedent had executed. The check was drawn on the Sterling National Bank and was signed by the objectant. This bank account also was a joint account and the sum represented by the check had become available through a joint loan in the amount of $3,600 obtained by the decedent and the objectant from the bank. On June 20, 1949 the same attorney wrote to the decedent advising him that title to the property had been taken by the corporation on June 15, 1949, enclosing a proprietary lease for the decedent’s signature and also enclosing a certificate for 300 shares of the stock of the corporation. This certificate was dated June 20, 1949 and was issued to the decedent. The decedent acknowledged execution of the proprietary lease on June 30, 1949.
Following the decedent’s death in October, 1949 the objectant procurred letters of administration and in this connection she executed two applications for surety bonds. In each of these applications the proprietary lease was stated to be an asset of the decedent’s estate. The letters of administration subsequently were revoked and the former administratrix has not accounted. A further sworn statement that the lease was not *454 the property of the objectant was made by her in an affidavit in a proceeding in the City Court.
The objectant bases her claim to the apartment on two principal contentions, that her funds purchased the apartment and that the decedent acknowledged the apartment to be hers. In support of the first contention it is argued that, although the payments for the apartment were made from joint accounts and most of the money was derived from a loan upon which the decedent and objectant were co-obligors, the income and financial status of the decedent were such as to make it improbable that he had funds available for the purchase. The evidence was that during certain periods of the marriage the objectant’s income considerably exceeded that of the decedent but there also was proof that the objectant subsequently had incurred or assumed, substantial financial obligations and that at the time of the apartment’s purchase, when the joint loan was required to finance the transaction, neither of the parties was particularly affluent. There is no basis for a conclusion that the decedent could not possibly have financed the purchase. The assertions of the objectant that during the entire occupancy of the apartment she voluntarily assumed many household obligations would not evidence that the original purchase of the apartment was made with her funds. The testimony as to the purported admissions of the decedent, examined most favorably to the objectant, does not establish ownership of the apartment to have been in her.
Upon all the proof it is found that the objectant has not proved her claim to the apartment and her objections asserting such claim are dismissed.
It was conceded at the hearing that the objectant is the owner of the furniture and furnishings of the apartment which are listed in the appraisal introduced into evidence. It was further conceded that the objectant is entitled to reimbursement for the amount of the funeral bill. The objections as to these matters are sustained.
The objections to the issuance of letters of administration de bonis non and seeking revocation of such letters as well as the claim for reimbursement for payment of an alleged obligation of the decedent to Doctor Josselson are dismissed for lack of proof.
The petitioner asks that the liability of the objectant as former administratrix be determined in this proceeding and that she be surcharged accordingly but such relief cannot be granted. The former administratrix is accountable for her proceedings as estate representative and ample remedies are *455 available to enforce her liability in appropriate proceedings but in the instant proceeding she is a party because she is the widow and therefore a distributee of the decedent. However, any liability of the objectant to the estate may be set off against the distributive share or other moneys herein found to be due her.
It is not disputed that the objectant subleased the apartment for periods subsequent to the decedent’s death. The fact that the apartment contained the furnishings of the objectant permitted its rental as a furnished apartment at an appropriate rental price. It must be here said parenthetically that the petitioner attempts to assume inconsistent positions in claiming title to the furnishings and at the same time in charging the objectant with improperly leaving her furniture in the apartment.
Subleases were made with the following persons: Bernard, from whom at least $1,100 was received for a two months’ period; Weil, from whom $1,100 was received for two months’ occupancy; Dean, from whom $1,200 was received for a three months’ occupancy and Nehot, from whom the objectant received $3,616.62 computed at $616.62 for the period September 24 to September 31, 1955 and at $500 per month for an additional six months. The total of the foregoing amounts is $7,016.62.
It is found that the fair rental value of the unfurnished apartment was $400 a month or a total of $5,293.34 for the periods of subleasing. The maintenance charges for such periods total $1,944.03 leaving a net of $3,349.31 which may be used as an offset. No determination is made at this time as to the liability of the former administratrix in connection with the apartment during the periods she occupied it or it remained vacant and any such liability is left for consideration in the proceeding for the settlement of her account or other appropriate proceeding.
The proof is inadequate to permit the finding as to any liability of the former administratrix respecting shares of Omnibus Corporation and this issue also is left for determination in an appropriate proceeding wherein the former administratrix is a party in her representative capacity.
In view of the fact that the former administratrix has not accounted for her administration of the estate and consequently her liability in that respect has not been fixed, the decree to be entered herein will provide that payment of any sum to which she now may appear to be entitled be withheld until her liability as administratrix shall have been determined.
Submit decree on notice.