S. Samuel Di Falco, S.
In this application by the administratrix d. b. n. to have the court take and state the account of the former administratrix, petitioner seeks to surcharge her. A stipulation of facts has been filed.
Decedent died intestate October 11, 1949, survived by his widow and two children, one of whom is the petitioner herein. The widow was appointed administratrix, but her letters were subsequently revoked for failure to comply with a compulsory accounting order, and letters of administration d. b. n. issued to petitioner. The principal asset of the estate was a co-operative apartment which the widow claimed to own, but which has been determined to be an estate asset, in a proceeding to settle the intermediate account of the administratrix d. b. n. (Matter of Winer, 13 Misc 2d 452). The widow has remarried and now lives in South Africa, but from the time of her appointment until her removal, a period of over six years, maintained control over the apartment, keeping her furniture therein and paying the maintenance charges. There is no stipulation or proof as to whether or how long she actually occupied the apartment herself but she sublet it for various periods, totalling about one and a half years, for which she has been held accountable *457 to the estate, in the prior proceeding, for the sum of $3,349.31, representing the rental value of the apartment less maintenance charges, to be set off against her distributive share. The decree therein, June 18, 1957, provided that her liability, if any, in connection with the apartment for the period it was occupied by her or remained vacant, and in connection with 50 shares of Omnibus Corporation stock, and any other liability, be determined in a proceeding to settle her account as former administratrix, or in another appropriate proceeding.
The principal issue is whether or not the widow should be surcharged with the rental value of the apartment, less maintenance charges, for the period when it was maintained by her and not sublet. It and the stock representing ownership were subsequently sold by the administratrix d. b. n. It is stipulated that the rental value is $400 a month; the period five years and three months; the total rental value $25,200; and the total maintenance charges $8,560.59, or a net surcharge claimed of $16,639.41. This and other items above and hereinafter set forth make a total surcharge claimed of $17,022, together with interest in the sum of $5,777.98, or a grand total of $22,800.27.
A collateral issue relates to a warrant of attachment on her distributive share obtained by a judgment creditor and served on the present fiduciary March 26, 1956, and whether or not it has priority over any surcharge.
Both the creditor and the surety urge that the widow and former fiduciary incurred no liability and therefore, there should be no surcharge by reason of her failure to rent or dispose of the apartment.
The widow did not own the apartment and as administratrix should have disposed of it within a reasonable time after her appointment. Fixing such reasonable time as one year, she is liable for fair rental value during the period thereafter ($400 a month less maintenance charges) but during the one year period the maintenance charges would be an obligation of the estate. Her liability for portions of the period have been computed and fixed in the prior proceeding and consequently the foregoing formula applies to the months when the apartment was unrented. (There is no proof of personal occupancy.)
The court holds that the widow is surchargeable for the sum of $20,400 or the rental value for a period of four years and three months at the rate of $400 a month less maintenance charges of $8,560.59 or a net of $11,839.41. It is conceded that decedent owned the Omnibus Corporation stock, that the net proceeds of its sale $341.44 plus $25 dividends, were turned over to the widow by a bank after satisfying its collateral loan *458 and that not having been accounted for by her, it should be surcharged against her. She is also surcharged with a bank balance of $16.44 for which she never accounted. The court has already held that the former administratrix is accountable for the sum of $3,349.31 as found in the prior proceeding.
The total surcharge has priority over the warrant of attachment (Civ. Prac. Act, § 916, subd. 5; Matter of Gordon, 166 Misc. 363 and cases cited). It is to be set off against the widow’s distributive share, the balance, if any, to be paid out of her own funds and from the surety up to the limit of its bond.
The widow has already been credited with payment of the funeral bill in the prior proceeding. There are sufficient facts and figures reflected in the accounting of the administratrix d. b. n. and the present proceeding and the ruling herein to enable the account of the former administratrix to be taken and stated.
Submit decree on notice accordingly.